# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 29, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

130956

STATE TREASURER,
　　　　　Plaintiff-Appellee,

v

ALFRED KRUEGER,
　　　　　Defendant-Appellant.

SC: 130956
COA: 266951
Berrien CC: 05-003093-CZ

_____/

　　　　　On order of the Court, the application for leave to appeal the March 28, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

　　　　　MARKMAN, J., concurs and states as follows:

　　　　　I concur in the order denying leave to appeal. The dissent argues that we should grant leave to appeal to revisit our decision in *State Treasurer v Abbott,* 468 Mich 143 (2003). The question in *Abbott* was whether a court order directing payment of a prisoner's pension benefits constituted an "assignment" barred by the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq*. I joined the dissent of Justice Kelly in that case, which concluded that a disbursement ordered by the trial court represented an indirect assignment of pension benefits that is barred by ERISA. While I continue to believe that such dissent was correct, the instant case is readily distinguishable from *Abbott*. First, unlike in *Abbott*, the warden was not made a receiver over defendant's pension benefits. Second, the order does not require the pension holder to send the benefits to defendant's prison address in the event that he does not ask the holder to do so. Third, the order does not authorize the warden to make disbursements of funds from that pension check; rather, it states that the warden is only authorized to make disbursements from defendant's prison account.

　　　　　CAVANAGH, J., would grant leave to appeal.

KELLY, J., dissents and states as follows:

Despite Justice Markman's attempts to distinguish the facts of this case from those of *State Treasurer v Abbott*, 468 Mich 143 (2003), I continue to believe that a grant of leave to appeal would necessitate a revisiting of *Abbott*. Although the trial court did not technically label the warden a "receiver," the warden managed and controlled defendant's property. See *Abbott, supra* at 165-166 n 6 (Kelly, J., dissenting). Additionally, just as in *Abbott*, the trial court ordered defendant to deposit his pension check into his prisoner account, enabling the warden to distribute to the state a specific percentage of defendant's pension benefits.

Moreover, the United States Court of Appeals for the Sixth Circuit has thrown the validity of *Abbott* into question. See *DaimlerChrysler Corp v Cox*, 447 F3d 967, 976 (CA 6, 2006) ("We find the *Abbott* opinion unpersuasive. Contrary to the reasoning of the Michigan Supreme Court, the fact that the prisoners have received their benefit payments at their 'own' addresses is irrelevant to the question of alienation . . . ."). Therefore, I would grant leave to appeal for the purpose of revisiting our decision in *Abbott*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 29, 2006

Clerk

d1121